UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE MCDANIEL, | No. 2:14-cv-0043 LKK AC PS |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO POLICE DEP'T, ET AL., | |
| Defendants. | |

Plaintiff is proceeding in this action without counsel and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to Local Rule 302(a).

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff brings suit against the Sacramento Sheriff's Department, the Sacramento Police Department, and an individual named Brian Baldwin for wrongful arrest and police brutality. Plaintiff provides no specifics of the arrest in his single-sentence complaint other than to say he was personally injured and lost housing. Attached to plaintiff's complaint, though, are a number of exhibits, including an arrest report revealing that plaintiff was arrested on October 20, 2013 in Sacramento for assault with a deadly weapon after he struck another individual twice with an 8-iron golf club; plaintiff claimed he acted in self-defense. ECF No. 1 at 3, 7. At the time of his arrest, one of the arresting deputies, Deputy M. Heller, directed plaintiff to lie down on the floor. Id. at 9-10. Deputy Heller then struck plaintiff with a baton in his left bicep area after noticing that plaintiff's forearm and face muscles were tense and after plaintiff allegedly said, "Well, I guess we are going to fight." Id. at 9-10. Plaintiff counters that the use of force was unnecessary because he was in the process of complying with the order to get on the ground and because the only comment that he made to Deputy Heller was that he was disabled. Id. at 16-17. After the arrest, plaintiff filed a Citizen Complaint with the Sacramento County Sheriff's Department asserting police brutality, which he claims resulted in a mild stroke. Id.

Review of the plaintiff's complaint and attached exhibits convinces the court that the complaint must be dismissed albeit with leave to amend. This is because, first, although plaintiff

1  names Brian Baldwin as a defendant, there are no charging allegations as to this individual and
2  none of the exhibits refer to him.  Moreover, as to the Sacramento Sheriff's Department and the
3  Sacramento Police Department, local governments are generally not liable for the constitutional
4  torts of their employees under a respondeat superior theory.  Monell v. Dep't of Social Servs., 436
5  U.S. 658, 691 (1978).  To establish liability of either of these two defendants ("municipal
6  liability," or "Monell liability"), a plaintiff must show that "the action that is alleged to be
7  unconstitutional implements or executes a policy statement, ordinance, regulation, or decision
8  officially adopted and promulgated by that body's officers."  Id. at 690.

Plaintiff has the burden of proving each element of Monell liability at trial and can generally establish a municipal policy in three ways: First, he can identify an explicit policy promulgated by a municipality that employees followed and that led to the deprivation of an individual's constitutional rights.  Monell, 436 U.S. at 690.  Second, he can show that even though no explicit policy can be identified, a permanent, widespread, and settled custom existed that employees followed and that led to the deprivation of constitutional rights.  Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th Cir. 1989); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").  Third, he can show that the constitutional deprivation occurred pursuant to a directive by a decisionmaker with final authority to make binding policy.  See, e.g., Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989).  Because plaintiff has not made any allegations establishing Monell liability as described, his claims against the Sacramento Sheriff's Department and the Sacramento Police Department must be dismissed for failure to state a claim.

As noted, plaintiff will be granted leave to amend.  If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

3

1  involved.  There can be no liability under § 1983 unless there is some affirmative link between a
2  defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (9176); <u>May v.
3  Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.
4  1978).  Plaintiff is also directed to be mindful of establishing <u>Monell</u> liability should he decide to
5  continue with his claims against the Sacramento Sheriff's Department and the Sacramento Police
6  Department.
7       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
8  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
9  complaint be complete in itself without reference to any prior pleading.  This is because, as a
10 general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375
11 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
12 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
13 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
14      In accordance with the above, IT IS HEREBY ORDERED that:
15      1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted;
16      2.  Plaintiff's complaint is dismissed; and
17      3  Plaintiff is granted thirty days from the date of service of this order to file an amended
18 complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the
19 Local Rules of Practice; the amended complaint must bear the docket number assigned this case
20 and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the
21 amended complaint; failure to file an amended complaint in accordance with this order will result
22 in a recommendation that this action be dismissed.
23 DATED: April 15, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE